MARK B. HANSON, ESQ.
Second Floor, Macaranas Building
Beach Road, Garapan
PMB 738 P.O. Box 10,000
Saipan, Mariana Islands 96950
Telephone:   (670) 233-8600
Facsimile:   (670) 233-5262
E-mail:      mark@saipanlaw.com

Attorney for Plaintiffs

FILED
Clerk
District Court

APR - 3 2018

for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| KATRINA DEL GALLEGO DEMAPAN, MA. GINA TIOZON, MARY JANE G. MUHI and EMELINDA E. SANCHEZ,<br><br>Plaintiffs,<br><br>vs.<br><br>ZENG'S AMERICAN CORP., a CNMI corporation doing business as Happy Poker, and JIN DONG ZENG,<br><br>Defendants. | CASE NO. 18-00010<br><br>VERIFIED COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT |

COMES NOW, Plaintiffs KATRINA DEL GALLEGO DEMAPAN, MA. GINA TIOZON, MARY JANE G. MUHI and EMELINDA E. SANCHEZ with the following Verified Complaint against ZENG'S AMERICAN CORP. and JIN DONG ZENG:

JURISDICTION

1. The Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), applies to this matter through the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America, Article V, §502(a)(2).

2. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1337(a) (proceedings arising under any Act of Congress regulating commerce).

ORIGINAL

3. This Court also has jurisdiction under the FLSA, 29 U.S.C. § 216(b), to adjudicate Plaintiffs' claims.

4. Venue is properly placed in this Court as at all relevant times Plaintiffs were employees of DEFENDANTS doing business in Saipan, Commonwealth of the Northern Mariana Islands ("CNMI").

## PARTIES

5. Plaintiff KATRINA DEL GALLEGO DEMAPAN ("DEMAPAN") is a citizen of the Republic of the Philippines currently residing in Saipan, CNMI and at times relevant to the claims herein was an employee of Defendants within the meaning of the FLSA.

6. Plaintiff MA. GINA TIOZON ("TIOZON") is a citizen of the Republic of the Philippines currently residing in Saipan, CNMI and at times relevant to the claims herein was an employee of Defendants within the meaning of the FLSA.

7. Plaintiff MARY JANE G. MUHI ("MUHI") is a citizen of the Republic of the Philippines currently residing in Saipan, CNMI and at times relevant to the claims herein was an employee of Defendants within the meaning of the FLSA.

8. Plaintiff EMELINDA E. SANCHEZ ("SANCHEZ") is a citizen of the Republic of the Philippines currently residing in Saipan, CNMI and at times relevant to the claims herein was an employee of Defendants within the meaning of the FLSA.

9. Upon information and belief, Defendant ZENG'S AMERICAN CORP. ("ZAC"), P.O. Box 504602, Saipan, MP 96950, is a corporation formed under the laws of the CNMI with its principal place of business in Saipan, CNMI.

10. Upon information and belief, Defendant JIN DONG ZENG ("ZENG"), P.O. Box 504602, Saipan, MP 96950, is a citizen of the People's Republic of China currently residing in Saipan, CNMI.

11. Upon information and belief, ZENG is the principal of ZAC and, at all times relevant

hereto, ZENG was acting directly and indirectly in the interest of ZAC in relation to Plaintiffs.

12. It is expressly alleged herein that ZAC and ZENG (collectively referred to hereinafter as "DEFENDANTS") are jointly and severally liable for the Plaintiffs' claims, and all of them, herein.

## FACTS

13. Plaintiff DEMAPAN is a current employee of DEFENDANTS. She began her employment with DEFENDANTS in about February 2014. At all times relevant to her claims herein, Plaintiff DEMAPAN was employed by DEFENDANTS as a video poker arcade cashier in one of their Saipan video poker arcades. Plaintiff DEMAPAN's duties included changing money for video poker players, verifying and paying out winnings to video poker players, cleaning the video poker establishment after each shift, monitoring surveillance cameras, making phone calls to DEFENDANTS' representatives for instructions and to report issues, and making phone calls to the Department of Public Safety on occasion to report possible criminal activity, threats and physical violence in and about the video poker establishment.

14. Plaintiff TIOZON is a former employee of DEFENDANTS. She began her employment with DEFENDANTS in about April 2015. Plaintiff TIOZON's employment with DEFENDANTS ended in about December 2015. At all times relevant to her claims herein, Plaintiff TIOZON was employed by DEFENDANTS as a poker arcade cashier in one of their Saipan poker arcades. Plaintiff TIOZON's duties included changing money for video poker players, verifying and paying out winnings to video poker players, cleaning the video poker establishment after each shift, monitoring surveillance cameras, making phone calls to DEFENDANTS' representatives for instructions and to report issues, and making phone calls to the Department of Public Safety on occasion to report possible criminal activity, threats and physical violence in and about the video poker establishment.

15. Plaintiff MUHI is a current employee of DEFENDANTS. She began her employment with DEFENDANTS in about December 2014. At all times relevant to her claims herein, Plaintiff MUHI was employed by DEFENDANTS as a poker arcade cashier in one of their Saipan poker

arcades. Plaintiff MUHI's duties included changing money for video poker players, verifying and paying out winnings to video poker players, cleaning the video poker establishment after each shift, monitoring surveillance cameras, making phone calls to DEFENDANTS' representatives for instructions and to report issues, and making phone calls to the Department of Public Safety on occasion to report possible criminal activity, threats and physical violence in and about the video poker establishment.

16. Plaintiff SANCHEZ is a current employee of DEFENDANTS. She began her employment with DEFENDANTS in about April 2015. At all times relevant to her claims herein, Plaintiff MUHI was employed by DEFENDANTS as a poker arcade cashier in one of their Saipan poker arcades. Plaintiff SANCHEZ's duties included changing money for video poker players, verifying and paying out winnings to video poker players, cleaning the video poker establishment after each shift, monitoring surveillance cameras, making phone calls to DEFENDANTS' representatives for instructions and to report issues, and making phone calls to the Department of Public Safety on occasion to report possible criminal activity, threats and physical violence in and about the video poker establishment.

17. At all times relevant to this action, Plaintiffs, and each of them, were employees of DEFENDANTS within the meaning of § 203(e)(1) of the FLSA.

18. At all times relevant to this action, DEFENDANTS were employers of Plaintiffs, and each of them, within the meaning of § 203(d) of the FLSA.

19. At all times relevant to this action, Plaintiffs were employed by DEFENDANTS within the meaning of § 203(g) of the FLSA.

20. At all times relevant to this action, Plaintiffs were employed by DEFENDANTS in Saipan, Commonwealth of the Northern Mariana Islands.

21. At all times relevant to this action, DEFENDANTS were an enterprise within the meaning of § 203(r)(1) of the FLSA with at least two employees and an annual dollar volume of

business of a least $500,000.

22. At all times relevant to this action, DEFENDANTS were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 203(s)(1) of the FLSA.

23. At all times relevant to this action, Plaintiffs, as employees of DEFENDANTS, were engaged in commerce within the meaning of § 207(a)(1) of the FLSA.

24. At all times while employed by DEFENDANTS, Plaintiffs were employed, and actually performing work, in a job category or categories that are not exempt from the provisions of the FLSA.

25. At times during all Plaintiffs' employment with DEFENDANTS, DEFENDANTS failed to pay Plaintiffs, and each of them, the applicable minimum wage for all hours Plaintiffs worked for DEFENDANTS as required by § 206(a) of the FLSA.

26. At all times during all Plaintiff's employment with DEFENDANTS, DEFENDANTS failed to pay Plaintiffs, and each of them, the applicable overtime premium for hours worked by Plaintiffs for DEFENDANTS in excess of forty (40) hours in each work week as required by § 207(a) of the FLSA.

27. Specifically, from about February 2014 through about February 2016, Plaintiff DEMAPAN worked twelve hours per day, seven days per week for DEFENDANTS and DEFENDANTS paid her a monthly salary of $1,500.

28. From about December 2014 through about February 2016, Plaintiff MUHI worked twelve hours per day, seven days per week for DEFENDANTS and DEFENDANTS paid her a monthly salary of $1,500.

29. From about April 2015 through about February 2016, Plaintiff SANCHEZ worked twelve hours per day, seven days per week for DEFENDANTS and DEFENDANTS paid her a monthly salary of $1,500.

30. From about February 2016 through about March 2017, Plaintiffs DEMAPAN, MUHI and SANCHEZ each worked eight hours per day, seven days per week for DEFENDANTS and DEFENDANTS paid them each a monthly salary of $1,000.

31. During the entire term of her employment with DEFENDANTS, Plaintiff TIOZON worked twelve hours per day, seven days per week for DEFENDANTS and DEFENDANTS paid her a monthly salary of $1,500.

32. On several occasions, DEFENDANTS would deduct various amounts from Plaintiffs' salary for cash register shortages.

33. DEFENDANTS also required Plaintiffs each to make a large "deposit" to DEFENDANTS as funds from which to deduct from Plaintiffs for cash register shortages.

34. Said deductions and deposits required by DEFENDANTS effectively decreased Plaintiffs' minimum hourly wage and overtime premiums below that mandated by the FLSA.

35. All of the actions and omissions alleged above were undertaken by DEFENDANTS either directly or through their agent or agents.

36. All of the actions and omissions alleged above were willful within the meaning of the FLSA and with regard to the applicability of the statute of limitations on FLSA claims.

### FIRST CAUSE OF ACTION
(FLSA Violation - Unpaid Minimum Wage)

37. Plaintiff incorporates paragraphs 1 through 36 above as if fully set forth herein.

38. DEFENDANTS have violated the provisions of § 206(a) of the FLSA by failing to pay Plaintiffs, and each of them, the applicable minimum wage per hour for all of the hours worked by Plaintiffs in each work week for which they performed services for DEFENDANTS.

39. Plaintiffs, and each of them, are entitled to payment of unpaid minimum wages from DEFENDANTS, jointly and severally, plus an additional equal amount as liquidated damages.

40. Plaintiffs, and each of them, are also entitled to costs of the action and reasonable attorneys' fees pursuant to § 216(b) of the FLSA.

SECOND CAUSE OF ACTION
(FLSA Violation - Unpaid Overtime Compensation)

41. Plaintiff incorporates paragraphs 1 through 40 above as if fully set forth herein.

42. DEFENDANTS have violated the provisions of § 207(a) of the FLSA by failing to pay Plaintiffs, and each of them, overtime compensation in the amount of one and one-half times their regular pay rate for all of the hours worked by Plaintiffs in excess of forty (40) hours in each work week.

43. Plaintiffs, and each of them, are entitled to payment of unpaid overtime compensation from DEFENDANTS, jointly and severally, and an additional equal amount as liquidated damages.

44. Plaintiffs, and each of them, are also entitled to costs of the action and reasonable attorneys' fees pursuant to § 216(b) of the FLSA.

PRAYER FOR RELIEF:

Accordingly, Plaintiffs pray for the following relief:

A. That DEFENDANTS, jointly and severally, pay Plaintiffs the applicable minimum wage for all hours worked by Plaintiffs for DEFENDANTS;

B. That DEFENDANTS, jointly and severally, pay Plaintiffs the applicable overtime premium for all hours worked by Plaintiffs for DEFENDANTS in excess of forty (40) hours in each work week;

C. That DEFENDANTS, jointly and severally, pay Plaintiffs an equal amount as liquidated damages; and

D. That DEFENDANTS, jointly and severally, pay Plaintiffs reasonable attorney's fees and costs of this action.

//
//
//

DATED this 3rd day of April, 2018.

_____
MARK B. HANSON
Second Floor, Macaranas Building
Beach Road, Garapan
PMB 738, P.O. Box 10,000
Saipan, MP 96950
Telephone: (670) 233-8600
Facsimile: (670) 233-5262
E-Mail Address: mark@saipanlaw.com

Attorneys for Plaintiffs

VERIFICATION OF COMPLAINT

I, KATRINA DEL GALLEGO DEMAPAN, hereby certify that I have read and understood the allegations and claims made in the above-Verified Complaint for Violations of the Fair Labor Standards Act and that I consent to be a party plaintiff herein. I further certify that the factual statements made herein are true and correct to the best of my knowledge and belief and that I verified the accuracy of the above-Verified Complaint this 3rd day of April, 2018.

_____
KATRINA DEL GALLEGO DEMAPAN

I, MA. GINA TIOZON, hereby certify that I have read and understood the allegations and claims made in the above-Verified Complaint for Violations of the Fair Labor Standards Act and that I consent to be a party plaintiff herein. I further certify that the factual statements made herein are true and correct to the best of my knowledge and belief and that I verified the accuracy of the above-Verified Complaint this 3rd day of April, 2018.

_____
MA. GINA TIOZON

1     I, MARY JANE G. MUHI, hereby certify that I have read and understood the allegations and claims made in the above-Verified Complaint for Violations of the Fair Labor Standards Act and that I consent to be a party plaintiff herein. I further certify that the factual statements made herein are true and correct to the best of my knowledge and belief and that I verified the accuracy of the above-Verified Complaint this 3rd day of April, 2018.

*[signature]*
MARY JANE G. MUHI

    I, EMELINDA E. SANCHEZ, hereby certify that I have read and understood the allegations and claims made in the above-Verified Complaint for Violations of the Fair Labor Standards Act and that I consent to be a party plaintiff herein. I further certify that the factual statements made herein are true and correct to the best of my knowledge and belief and that I verified the accuracy of the above-Verified Complaint this 3 day of April, 2018.

*[signature]*
EMELINDA E. SANCHEZ