**Mark B. Hanson, Esq.**
Attorney at Law
Second Floor, Macaranas Building
Beach Road, Garapan
PMB 738, P.O. Box 10,000
Saipan, MP 96950
Tel: (670) 233-8600
Fax: (670) 233-5262
*Attorney for Plaintiffs*

**Cong Nie, Esq.**
O'Connor Berman Horey & Banes, LLC
Suite 201, Marianas Business Plaza, Susupe
P.O. Box 501969, Saipan, MP 96950
Tel: (670) 234-5684
Fax: (670) 234-5683
*Attorney for Defendants Zeng's American Corp. and Jindong Zeng*

**Robert T, Torres, Esq.**
Attorney at Law
Plata Drive Whispering Palms (Chalan Kiya)
P.O. Box 503758
Saipan, MP 96950
Tel: (670) 234-7859
Fax: (670) 234-5749
*Attorney for Defendants Dongfang Trading Corp. and Xiufang Huang*

**IN THE DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| KATRINA DEL GALLEGO DEMAPAN, MA. GINA TIOZON, MARY JANE G. MUHI and EMELINDA E. SANCHEZ,<br><br>Plaintiffs,<br><br>vs.<br><br>ZENG'S AMERICAN CORP., a CNMI corporation doing business *inter alia* as HAPPY POKER, DONG FANG TRADING CORP., a CNMI corporation doing business *inter alia* as Happy Poker II, JIN DONG ZENG, and XIU FANG HUANG,<br><br>Defendants. | Civil Action No. 1:18-cv-00010<br><br>**STIPULATED MOTION FOR APPROVAL OF FLSA SETTLEMENT AND AMENDED STIPULATED REQUEST TO FILE SETTLEMENT AGREEMENT UNDER SEAL OR FOR IN CAMERA REVIEW ONLY**<br><br>(NO HEARING REQUESTED) |

COME NOW all the parties in this case by and through their respective counsel with this Stipulated Motion to approve, without admission of liability, the terms of the parties' settlement of Plaintiffs' claims against all of the Defendants in the above-captioned matter all of which settled claims were brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 2901 *et seq*. In order to maintain the confidentiality of the settlement, the parties are submitting herewith an Amended Stipulation (*see* ECF#43) requesting that the Court receive the parties' fully executed Settlement Agreement and two Supplemental Declarations supporting this Motion for Approval under seal or for *in camera* review only. A copy of the Settlement Agreement and Supplemental Declarations have been lodged with the Court concurrent with the filing of this Stipulated Motion and Amended Stipulated Request.

Finally, the parties also request that if the Court is inclined to hold a hearing on approval of the Settlement Agreement, such hearing also be sealed or held *in camera*.

COURT APPROVAL OF FLSA SETTLEMENT NECESSARY.

The settlement of claims under the FLSA was fairly recently at issue in a decision issued by the District Court for the Eastern District of California which is instructive. *See Kerzich v. County of Toulumne*, 355 F. Supp. 3d 1179 (E.D. Cal. 2018).[1]

The *Kerzich* court articulated the role of the Court in reviewing and approving FLSA settlements as follows:

> The FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract. Because an employee cannot waive claims under the FLSA, they may not be settled without supervision

---

[1] It appears that the only published decisions of this Court addressing FLSA settlement review and approval occurred in the "Garment Litigation" where the Court reviewed the terms of the global settlement, including the FLSA claims involved therein, under a separately proscribed, but similar Rule 23 class action fairness review. *See Does I v. The Gap, Inc.*, 2003 WL 22997250 (Sept. 11, 2003 DNMI); *Does I v. The Gap, Inc.*, 2002 WL 1000073 at *9 (May 10, 2002 DNMI).

2

>of either the Secretary of Labor or a district court. Since neither party has represented that the Secretary of Labor has approved this settlement, it falls to the court to evaluate whether this settlement should be approved under the FLSA.

*Id.* at 1183-84 (internal quotation marks and citations omitted).

STANDARDS FOR APPROVING FLSA SETTLEMENT.

As the *Kerzich* court noted, "[while t]he Ninth Circuit has not established criteria for district courts to consider in determining whether an FLSA settlement should be approved[,] district courts in this circuit have frequently applied a widely-used standard adopted by the Eleventh Circuit, which looks to whether the settlement is a fair and reasonable resolution of a bona fide dispute." *Id.* at 1184.

With regard to whether a bona fide dispute exists, courts look to whether "there are legitimate questions about the existence and extent of Defendant's FLSA liability." *Id.* (quoting *Selk v. Pioneers Memorial Healthcare Dist.*, 159 F. Supp. 3d 1164, 1172 (S.D. Cal. 2016)).

In evaluating the fairness, reasonableness and adequacy of an FLSA settlement, "courts often apply the Rule 23 factors for assessing proposed class action settlements . . . while recognizing that some of those factors do not apply because of the inherent differences between class actions and FLSA actions." *Kerzich,* 355 F. Supp. 3d at 1184 (citing *Khanna v. Inter-Con Sec. Sys., Inc.*, 2013 WL 1193485 at *2 (E.D. Cal. Mar. 22, 2013) (Rule 23 factors such as: "the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement").

GLOBAL SETTLEMENT ENCOMPASSING BOTH FLSA CLAIMS AND NON-FLSA CLAIMS OR IMPOSING OBLIGATIONS ON EMPLOYEES MAY BE APPROVED IF ADDITIONAL CONSIDERATION IS GIVEN.

The Settlement Agreement in this case is broader than a purely FLSA release. It contains a release in favor of Defendants encompassing all claims arising out of or relating to Plaintiffs' employment with Happy Poker I/Happy Poker II (the "Happy Poker Business"), not limited to FLSA claims. In addition, the Settlement Agreement contains certain obligations on Plaintiffs, such as confidentiality and non-disparagement clauses,

Courts have approved this kind of global settlement when additional consideration is given to the employees. *See, e.g., Buntin v. Square Foot Management, Co. LLC.*, Case No. 6:14–cv–1394–Orl–37GJK, 2015 WL 3407866 *2-3 (M.D. Fla. May 27, 2015) (approving FLSA settlement where the settlement represented a compromise and consideration in the form of a neutral reference was promised by Defendant to Plaintiff in exchange for a broad general release); *Weldon v. Blackwoods Steakhouse, Inc.*, No. 6:14–cv–79–Orl–37TBS, 2014 WL 4385593, at *1 (M.D. Fla. Sept. 4, 2014) (approving settlement containing general release and non-disparagement agreement where the plaintiff received full compensation of FLSA claim and $100.00 in additional consideration for same); *Smith v. Aramark Corp.*, No. 6:14–cv–409–Orl–22KRS, 2014 WL 5690488, at *4 (M.D. Fla. Nov. 4, 2014) (approving FLSA settlement agreement where plaintiff received full compensation and additional consideration for general release, confidentiality, and non-disparagement agreement).

THE SETTLEMENT AGREEMENT SHOULD BE APPROVED

The Settlement Agreement contains releases of claims under the FLSA and has other provisions which are procedural in nature and would require the Court's continuing jurisdiction over the matter in addition to approval of the forms of dismissal of the case. Accordingly, the

4

Court's review and approval is required in order to give efficacy to the terms thereof and to approve the form of the Court's continuing jurisdiction over the Settlement Agreement.

As shown by the parties' previous filings in this case, there is a bona fide dispute over FLSA coverage. Plaintiffs take the position that there is both individual coverage and enterprise coverage. Defendants take the position that Plaintiffs worked as cashiers of a local poker parlor business and therefore were not individually covered, and that there is no enterprise coverage because the $500,000.00 gross-receipt threshold amount under FLSA should be measured against a poker parlor business's gross receipts under tax laws as opposed to its machines' cumulative play (or "coin-in"), *see Tenorio v. Trust Territory*, 7 T.T.R. 592 (1978) (holding that coins put into poker machines were not "received" by the poker parlor), and because none of Defendants operated other business "related" to the Happy Poker Business that could be counted towards the $500,000.00 threshold amount under FLSA.

As shown by the Settlement Agreement and Supplemental Declarations lodged contemporaneously with the Court, the terms of the Settlement Agreement are fair and reasonable, and additional consideration is given for global settlement, such as a reciprocal release from Defendants in favor of Plaintiffs and reciprocal obligations on Defendants not to disparage Plaintiffs.

Therefore, the Settlement Agreement should be approved.

CONFIDENTIALITY AND *IN CAMERA* REVIEW:

Additionally, the parties have agreed to confidentiality of the terms of the Settlement Agreement which necessitates the present request that the Court maintain that confidentiality in its review and approval of those settlement terms. In requesting that the Court receive and review the parties' Settlement Agreement either under seal or *in camera*, the parties acknowledge that

sealing of FLSA settlements in other courts of this circuit has required a showing of either "good cause" or "compelling reasons" with a presumption of public access. *See, e.g.*, *Luo v. Zynga, Inc.*, 2013 WL 5814763 (N.D. Cal. Oct 29, 2013) (FLSA class-action settlement ordered either unsealed or rejected during approval proceedings because the parties failed to articulate a proper basis that would justify sealing the settlement agreement). Other courts are willing to review private FLSA settlements *in camera* in order to determine fairness, reasonableness and adequacy while respecting the confidentiality agreed between the parties. *See*, *e.g*., *Goudie, v. Cable Communications, Inc.*, 2009 WL 88336 (D. Or. Jan. 12, 2009).

Here, Defendants believe that they can make this showing and have presented their reasons in the Supplemental Declaration executed by Mr. Zeng and Ms. Huang. Because articulation of Defendants' reasons necessarily involves explicit references to the terms of the Settlement Agreement the parties' request herein is that it also be received under seal or reviewed *in camera*.

This request herein for the Court is not to seal, permanently, the Settlement Agreement and Supplemental Declarations. The Settlement Agreement itself contemplate scenarios where further court proceedings to enforce the settlement terms would be undertaken in a public manner.

The parties also understand that if the Court can grant the request to seal the Settlement Agreement and Supplemental Declarations and proceed to determine whether to approve the settlement on its terms including whether the Settlement Agreement should remain confidential and sealed after the Court's full consideration of the confidentiality clause thereof. In *Luo v. Zynga, Inc.*, 2013 WL 5814763 (N.D. Cal. Oct 29, 2013), for example, the district court allowed the parties to file their settlement agreement under seal, and then, after it held a hearing and decided that sealing was not justified, gave the parties the option to withdraw the motion for

6

approval of settlement or to move forward with the settlement and unseal the settlement agreement.

CONCLUSION

For the foregoing reasons, the Court should approve the settlement between the parties on the terms contained in the Settlement Agreement lodged with the Court concurrently herewith and accept filing of the Settlement Agreement and Supplemental Declarations under seal.

Respectfully submitted this 13th day of February, 2019.

MARK B. HANSON, ESQ.
*Attorney for Plaintiffs*

By: ___*/s/ Mark B. Hanson*___
     Mark B. Hanson

O'CONNOR BERMAN HOREY & BANES, LLC
*Attorneys for Defendants Zeng's American Corp. and Jindong Zeng*

By: */s/ Cong Nie*
     Cong Nie

Robert T, Torres, Esq.
*Attorney for Defendants Dongfang Trading Corp. and Xiufang Huang*

By: */s/ Robert T. Torres*
     Robert T. Torres

7