1

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS**

F I L E D
Clerk
District Court

MAR 22 2019

for the Northern Mariana Islands

By _____

(Deputy Clerk)

3

4

**KATRINA DEL GALLEGO DEMAPAN,**       )    **Civil Action No. 1:18-cv-00010**
**MA. GINA TIOZON, MARY JANE G.**       )
**MUHI and EMELINDA E. SANCHEZ,**       )

5                                        )

**Plaintiffs,**       )

6                                        )    **ORDER GRANTING MOTION FOR**

**vs.**       )    **APPROVAL OF AMENDED**

7                                        )    **SETTLEMENT AGREEMENT**

**ZENG'S AMERICAN CORP., a CNMI**       )

8    **corporation doing business *inter alia* as**       )

**HAPPY POKER, DONG FANG TRADING**       )

9    **CORP., a CNMI corporation doing business**       )

**inter alia as Happy Poker II, JIN DONG**       )

10   **ZENG, and XIU FANG HUANG,**       )

11                                        )

**Defendants.**       )

12                                        )

13

14        Before the Court is the parties' joint Second Amended Motion for Approval of Settlement

15   (ECF No. 47). The Court denied the parties' first motion for approval of settlement because it

16   found that the proposed settlement agreement was not fair and reasonable. (Order, ECF No. 46.)

17   For the reasons stated below, the Court finds that the proposed amended settlement agreement is

18   fair and reasonable and therefore GRANTS the motion for its approval.

19

20        An agreement to dismiss a Fair Labor Standards Act claim must be approved by either the

21   Secretary of Labor or a district court. *Kerzich v. County of Tuolumne*, 335 F. Supp. 3d 1179, 1183

22   (E.D. Cal. 2018). An FLSA settlement should only be approved if (1) there is a bona fide dispute

23   regarding the existence and extent of FLSA liability, and (2) the settlement is a fair and reasonable

24   resolution to that dispute. *Id.* at 1184. The Court previously determined that there is a bona fide

25   dispute in this matter and held that the first proposed settlement agreement was mostly fair and

26   reasonable, save an overly broad release of claims provision. (Order at 4–6, ECF No. 46.)

27

28

"Courts review the scope of any release provision in a FLSA settlement to ensure that class members are not pressured into forfeiting claims, or waiving rights, unrelated to the litigation." *Selk v. Pioneers Mem'l Healthcare Dist.*, 159 F. Supp. 3d 1164, 1178 (S.D. Cal. 2016) (citation omitted). "When a FLSA settlement provides that opt-in members will receive unpaid wages and related damages, but nothing more, a release provision should be limited to the wage and hour claims at issue." *Id.* at 1178 (citing to *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010). However, a broad release may survive a presumption of unfairness if plaintiffs "receive independent consideration, or provide specific evidence that they fully understand the breadth of the release." *Id.* Here, the parties amended the release provision to address the Court's concerns about its breadth.  Plaintiffs Demapan, Sanchez, and Muhi received $2,000 in independent consideration for the release of all FLSA and non-FLSA claims related to their employment by Defendants. Plaintiff Tiozon did not receive any independent consideration, but her release was limited to claims that could be brought under the FLSA. Additionally, the amended provision includes an acknowledgement that Plaintiffs understand the nature and consequences of the release. The Court finds that these revisions are sufficient to make the release fair and reasonable.

Based on the foregoing, the Court GRANTS the parties' joint motion for approval of the Amended Settlement Agreement (ECF No. 47-1).

IT IS SO ORDERED this 22nd day of March, 2019.

RAMONA V. MANGLONA
Chief Judge

2